# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **GEHAD R. MAKBOUL,** | : | **CIVIL ACTION NO.: 09-3540 (KSH)** |
| **Plaintiff,** | : | |
| | : | |
| **V.** | : | **Hon. Katharine S. Hayden** |
| | : | **United States District Judge** |
| **PORT AUTHORITY OF NEW YORK** | : | |
| **AND NEW JERSEY, a Public** | : | |
| **Corporation/Joint or Common Agency,** | : | |
| **POLICE OFFICER P. PADILLA,** | : | **FINAL PRETRIAL ORDER** |
| **POLICE OFFICER G. NELSON, PORT** | : | |
| **AUTHORITY DIRECTOR/POLICE** | : | |
| **COMMISSIONER CHIEF OF** | : | |
| **POLICE, JOHN DOE, a fictitious name,** | : | |
| **the real identity are presently unknown,** | : | |
| **Defendants.** | : | |
| | : | |
| | : | |

A pretrial conference having been held before the Honorable ~~Katharine S. Hayden,~~ *Patty Shwartz*
U.S.~~D~~.J., having ~~George R. Wiggs, Esq. appeared for Plaintiff(s)~~ *Plaintiff appearing pro se* and having ~~Sharon K.~~ *Jason*
~~McGahee, Esq.~~ *Watson* appeared for Defendant(s), this Final Pretrial Order is hereby entered:

1.      JURISDICTION: is alleged upon violation of 42 U.S.C. 1983 of the Civil Rights Act as well as the Constitution of the United States and the Constitution of the State of New Jersey.

2.    PENDING/CONTEMPLATED MOTIONS: (Set forth all pending or contemplated motions, whether dispositive or addressed to discovery or the calendar. Also set forth the nature of the motion.  If the Court indicated that it would rule on any matter at pretrial, summarize that matter and *each* party's position contemplated in limine motions *should* also be set forth.)

Port Authority contemplates filing the following Motions:

1.   A motion to dismiss Plaintiff's Complaint for the reason that Mr. Makboul cannot establish the prima facie case of unlawful State action under 42 U.S.C. 1983.

2.   A Motion to Dismiss the intentional infliction of emotional distress claim because Plaintiff cannot establish outrageous conduct, which would justify recovery on this claim.

3.   A Motion to Dismiss the entire complaint on the grounds that there was probable cause for Plaintiff's arrest and detention.

4.   A Motion to Dismiss against all individual Defendants based on absolute immunity.

5.   A Motion to Dismiss against all individual Defendants based on qualified immunity.

The motions shall be filed no later than January 7, 2011. The opposition shall be filed no later than January 24, 2011. The reply shall be filed no later than January 31, 2011. The return date shall be February 7, 2011 before the Hon. Katharine Hoyden. Her Honor's Chambers will notify the parties if oral argument will be required.

3

3.      STIPULATION OF FACTS: (Set forth in numbered paragraphs all uncontested facts, including all answers to interrogatories and admissions to which the parties agree.)

1.      Plaintiff, Gehad R. Makboul, brings this action seeking to recover damages for malicious prosecution and false arrest pursuant to 42 U.S.C. § 1983.   The United States Constitution and the Constitution of the State of New Jersey.

2.      He alleges that on June 22, 2007, he was unlawfully searched, arrested and charged with trespassing and disorderly conduct in violation of his civil rights.

3.      Plaintiff also alleges that the police were motivated by racial and ethnic profiling.

4.      In the aftermath of the September 11, 2001 terrorist attack on the World Trade Center and the subway terrorist attacks in Spain (2004) and England (2005), the PATH Command of the Port Authority Police Department has conducted random baggage inspections of patrons wishing to use the PATH rail system.  The purpose of these inspections is to deter terrorists or other violent criminals from carrying weapons, explosives or other dangerous items in or on the rapid transit system.

5.      Defendant Officer Peter Padilla has been a Port Authority Police Officer since May 2003 and is currently assigned to the George Washington Bridge.

6.      Defendant Officer Grace Nelson has been a  Port Authority Police Officer since May 2003 and is currently assigned to the PATH command.

4

4.    CONTESTED FACTS: (Proofs shall be limited at trial to the contested facts set forth. Failure to set forth any contested facts shall be deemed a waiver thereof.)

A. Plaintiff:

1.    The Plaintiff, Gehad Makboul, is a Naturalized American Citizen, and was born on December 28, 1970, in the Country of Egypt and obtained his early education in said country. The Plaintiff after coming to the United States furthered his education by attending Hudson County Community College for two years.

2.    The Plaintiff resides in Jersey City, New Jersey, with his wife and their two children, a son of two years of age and a daughter who is less than one year of age.

3.    The Plaintiff is self-employed, as a licensed taxi cab driver in the City of New York and he owns a New York City Taxi Hack License and he rents a New York City Medallion licensed taxi cab from the owner, under terms and conditions that arc customary in the New York City Taxi Cab Community, with one possible exception, the Plaintiff operates a taxi cab seven days a week.

4.    The Plaintiff on a daily basis would commute to work by the use of the Journal Square Port Authority Transportation Center or commonly referred to as the Journal Square PATH Station.

5.    There was and are enormous commercial activities being conducted inside the path station that is patronized by the general public on a daily basis. There are banks, a variety of commercial stores, a drug store, a restaurant, a mini grocery store, a liquor store, a newsstand, push carts manned by licensed peddlers, a commercial building with parking facilities, a large bus terminal for local and long distance buses, for the accommodation of the general public. The said terminal and path station is indeed utilized by the general public on a daily basis.

6.    The Plaintiff, on June 22, 2008 in the afternoon, while on a descending escalator at the Journal Square PATH Station on his way to work in New York City, had with him over $600.00 in cash in his pocket (the taxi cab owner rental payment), he also had a black plastic shopping bag in biz hand, the contents of the shopping bag was a box of ordinary facial tissues, which Plaintiff had just purchased for his own use, and for the accommodation of his taxi cab passengers.

7.    The Plaintiff at the aforesaid time was directed by a port authority police officer to place the black plastic shopping bag on a designated table, which was directly and in close proximity to the automated ticket purchasing machines and card re-filling machines. The Plaintiff unhesitatingly responded to the police officer's command. The shopping bag contents were inspected and were returned to Plaintiff.

8.    However, the Port Authority Police Officer, without any legal justification, arbitrarily denied the Plaintiff the use of the turnstile, so that he may go to his place of

5

employment in New York City and also to fulfill his contractual obligation by delivering the $600.00 that he had on his person.

9.      The Port Authority Police Officers not only prevented the Plaintiff from using the turnstile to go to his job, but the said port authority police officers unlawfully arrested the Plaintiff, in the public view of many and after placing handcuffs on the Plaintiff, the Plaintiff was transported to the Port Authority Police Station on foot, before the general public at the Journal Square Station at Jersey City, New Jersey.

10.     At the Port Authority Police Station, the Plaintiff was falsely and maliciously accused of (1) Criminal Defiant Trespass at the public Port Authority transportation facility at Journal Square at Jersey City, New Jersey, in violation of N.J.S.A. 2C:18-3(b).

11.     The Plaintiff was also falsely and maliciously accused of violating N.J.S.A. 2C:29-1, (obstructing administration of law) and in addition, the Plaintiff was falsely and maliciously accused by the port authority police officers of violating N.J.S.A. 2C:33-2(a).

12.     After the Port Authority Police Officers signed the criminal complaints against the Plaintiff, the Plaintiff was handcuffed and transported to 365 Summit Avenue, Jersey City, New Jersey, to the Jersey City Bureau of Criminal Identification, where Plaintiff was fingerprinted and photographed.

13.     The Plaintiff after being detained by the Port Authority Police Officers for six hours or more, was released without the posting of any bail.

14.     Information obtained by way of discovery, as well as, the allegation in the criminal complaint, the Defendant, Port Authority contends that Plaintiff refused to move on or away from the table where the inspection of the contents of his shopping bag was held, is without logic and credence.

15.     Plaintiff had a substantial sum of money on his person, which was to be delivered to another person, pursuant to a contractual agreement and Plaintiff was en-route to do so, by the use of the path train station and Plaintiff was also en-route to work.

16.     It was observed by Judge Long, in State of New Jersey vs. Mary Lou Greenberg and Sandra Hines, 179 N.J. Super 365 (Law - Div. 1980), that a police officer's request for a person to "move on" is unreasonable, where there is no supportive facts suggesting an inconvenience to the public, or a hazard to the public safety.

17.     The Plaintiff, on June 22, 2008, during the entire period of time, he was at the Journal Square PATH Station was not a trespasser, nor was he a defiant trespasser, nor did Plaintiff became a defiant trespasser under the facts of the circumstances of the case by the utterance of an invalid police officer's command, which goes to defeat the legislative intent of the governing statute.

18.     The Plaintiff as the result of his arrest and the criminal complaint that was filed against him, was compelled to engage a lawyer to represent and defend him in the court. The fee for the municipal court appearances by the lawyer was $2,000.00.

19.     The Plaintiff's case was listed for hearing before the Municipal Court Judge on the following dates, August 21, 2008, September 16, 2008, September 29, 2008, October 27, 2008 and November 24, 2008.

20.     On each occasion of the court's listing of the matter for hearing, Plaintiff was notified by the court, as well *as,* his attorney with the caption "State vs. Gehad R. Makboul", which was traumatic to the Plaintiff, on each occasion when Plaintiff received the notices, Plaintiff had to go to his lawyer's office before going to court to discuss the pending criminal case against Plaintiff.

21.     The Defendant, Port Authority Police Officers never appeared in court at any of the court listing hearing dates, albeit, the prosecutor was presence or available on each court hearing date.

22.     The Plaintiff on each court hearing date was in the courtroom for at least two hours before the judge permitted him to leave.

23.     The Plaintiff found the courtroom atmosphere to be extremely uncomfortable because of the many other cases that were being held against others who were being charged with criminal offenses, in the several court rooms.

24.     The Plaintiff after appearing at the Jersey City Municipal Court five or six times and the Port Authority Police Officers at no time appeared, was offensive and frustrating to the Plaintiff, however, at the last appearance date, the court dismissed all of the complaints and criminal charges that were filed against the Plaintiff by the port authority police officers, on motion of Plaintiffs attorney.

25.     Rule 7:8-5, which governs municipal court criminal proceedings mandates that once a compliant is dismissed by the municipal court, the allegations contained therein shall not be re-opened on the same complaint except to correct a manifest injustice. The said rule was amended on July 28, 2004, to be effective September 2004. The dismissal of the criminal complaint amounts to an adjudication of not guilty of all of the criminal charges filed against the Plaintiff.

B. Defendant:

1.     On June 22, 2008, Plaintiff, Gehad Makboul, was a patron at the Journal Square Transportation Center in route to his job as a Taxi Driver in New York City.

2.     He was randomly selected by Officer Peter Padilla for a search of his bag. According to the Police Officers, Mr. Makboul became enraged and threw his bag on the table that was being used by the officers to facilitate the inspections.

3.      All passengers seeking to use the PATH rail system and who are in possession of bags or parcels must submit those bags to inspections upon request.

4.      The passengers have a right to refuse the inspection but will be denied access to the PATH system.

5.      The bag was opaque.

6.      In addition, the proper procedure for searching bags and parcels requires that the person who is the subject of the search cooperate with the officers and assist with the search.

7.      After throwing his bag on the table, Mr. Makboul walked away.   When he returned, Officer Grace Nelson admonished Mr. Makboul for throwing his bag down and walking away.

8.      He waged a loud protest and started to hurl accusations.  The Officers then asked Mr. Makboul to leave the area.  Mr. Makboul refused and continued to speak in a loud voice.

9.      This incident happened on the concourse level and impeded the flow of travelers through the Journal Square Station.

10.     The officers stated that they had legitimate concerns about the effect of Mr. Makboul's behavior on the peace and safety of the members of the traveling public who were present on the premises.  Therefore, they asked Mr. Makboul to leave the area.  When he refused to leave or cooperate, he was placed under arrest for disorderly conduct and trespass.

11.     Mr. Makboul was handcuffed and placed in the holding cell at the PATH Police Command.  Later that evening, he was transported to the Jersey City Police Department's Crime Information Bureau for fingerprinting and photographs.

12.     Shortly thereafter he was released and given a Summons and Complaint to appear in Jersey City Municipal Court.

13.     Port Authority Police Officers Nelson and Padilla did not receive notice from the Jersey City Municipal Court of the Port Authority Police Department Court liaison regarding the dates that the case was scheduled for trial.

5.      FACT WITNESSES: (Aside from those called for impeachment purpose, only the fact witnesses set forth by name and address may testify at trial. No summary of testimony is necessary.)

A. Plaintiff:

- Gehad R. Makboul

B. Defendant:

- Police Officer P. Padilla-c/o The Port Authority of New York and New Jersey, 225 Park Avenue South, New York, New York

- Police Officer G. Nelson-c/o The Port Authority of New York and New Jersey, 225 Park Avenue South, New York, New York

- Inspector Keith Walcott -c/o The Port Authority of New York and New Jersey, 225 Park Avenue South, New York, New York

- Lieutenant J. McClave -c/o The Port Authority of New York and New Jersey, 225 Park Avenue South, New York, New York

- Lieutenant J. McEvoy -c/o The Port Authority of New York and New Jersey, 225 Park Avenue South, New York, New York

- Sergeant Rey Gonzalez – Port Authority Police Department - c/o The Port Authority of New York and New Jersey, 225 Park Avenue South, New York, New York

- Assistant Chief Robert Sbarra – Port Authority Police Department - c/o The Port Authority of New York and New Jersey, 225 Park Avenue South, New York, New York

- Inspector Susan Durrett – Port Authority Police Department - c/o The Port Authority of New York and New Jersey, 225 Park Avenue South, New York, New York

- Felicia Montas – Jersey City Municipal Court, Jersey City, New Jersey

- Maria Pagan – Jersey City Municipal Court, Jersey City, New Jersey

- Brenda Perez – Jersey City Municipal Court, Jersey City, New Jersey

No later than November 1, 2010, the defense counsel shall provide plaintiff with a summary of the testimony of the witnesses they intend to call at trial.

9

6.      EXPERT WITNESSES:  (No expert shall be permitted to testify at trial unless identified below by name and address and unless the expert's curriculum vitae and report are attached hereto.  An expert's qualifications may not be questioned unless the basis therefore is set forth herein.)*

A. Plaintiff:  N/A

B. Defendant's objections to Plaintiff's expert qualifications:  N/A

C. Defendant:  N/A

D. Plaintiff's objections to Defendant's expert qualifications:  N/A

*If the parties stipulate to an expert's qualifications there is no need to attach a curriculum vitae. In any event, however, the expert's report must be attached.

7.    DEPOSITION: Not later than           , any party seeking to offer evidence by deposition shall so advise the opposing parties. Within 14 days thereof, all parties are directed to prepare a joint agreed statement, in narrative form, of the testimony which would be given by the deponent if called under oath. No colloquy between counsel shall be included. The agreed statement is not a concession of the factual accuracy of the deponent's testimony. Absent prior leave of Court, no deposition testimony may be offered except as provided herein.

Within 14 days of the first date above, the parties shall simultaneously exchange and submit to the Court any objections to the deposition testimony proposed above. The objections shall note, separately as to each such challenged portion of the deposition, applicable cases or rules which underlie the objection. If a party fails to comply with this paragraph, the challenged deposition testimony shall be deemed admitted.

Defendant intends to Introduce the deposition testimony of Plaintiff Gehad R. Makboul as admissions and declarations against Interest.

- T45 – 6 to 25
- T46 – 1 to 22
- T47 – 19 to 25
- T48 – 1 to 25
- T49 – 1 to 3
- T50 – 5 to 25
- T51 – 1 to 11
- T23 – 7 to 25
- T24 – 1 to 25
- T25 – 1 to 25
- T26 – 2 to 23
- T27 – 2 to 25
- T28 – 1 to 25
- T29 – 1 to 25
- T30 – 1 to 25
- T31 – 1 to 25
- T32 – 1 to 25
- T33 – 1 to 25
- T34 – 1 to 25
- T35 – 1 to 25
- T36 – 1 to 25
- T37 – 1 to 25
- T38 – 1 to 25
- T39 – 1 to 25
- T40 – 1 to 25
- T41 – 1 to 14
- T42 – 16 to 25
- T43 – 1 to 22
- T44 – 1 to 25
- T45 – 1 to 25
- T46 – 1 to 25

11

- T47 – 1 to 25
- T48 – 1 to 25
- T61 – 7 to 25
- T62 – 1 to 25
- T63 – 1 to 12
- T64 – 1 to 21

No later than October 22, 2010, defense counsel shall provide plaintiff with copies of each deposition transcript ~~indicated on his copy list~~ and each exhibit on the exhibit list.

8.    EXHIBITS: (Except for exhibits the need for which could not reasonably have been foreseen or which are used solely for impeachment purposes, only the exhibits set forth on the exhibit list attached hereto may be introduced at trial. Objections to authenticity are deemed waived unless such objections are set forth).*

A.    Plaintiff: (REFER TO ATTACHED EXHIBIT LIST HERE]

B.    Defendant's objections to authenticity: none

C.    Defendant: [REFER TO ATTACHED EXHIBIT LIST HERE]

D.    Plaintiff's objections to authenticity: none

*The exhibit lists should follow this page.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **GEHAD R. MAKBOUL,** | : | **CIVIL ACTION NO.: 09-3540 (KSH)** |
| **Plaintiff,** | : | |
| | : | |
| **V.** | : | **Hon. Katharine S. Hayden** |
| | : | **United States District Judge** |
| **PORT AUTHORITY OF NEW YORK** | : | |
| **AND NEW JERSEY, a Public** | : | |
| **Corporation/Joint or Common Agency,** | : | |
| **POLICE OFFICER P. PADILLA,** | : | |
| **POLICE OFFICER G. NELSON, PORT** | : | |
| **AUTHORITY DIRECTOR/POLICE** | : | |
| **COMMISSIONER CHIEF OF** | : | |
| **POLICE, JOHN DOE, a fictitious name,** | : | |
| **the real identity are presently unknown,** | : | |
| **Defendants.** | : | |
| | : | |
| | : | |

**FINAL PRETRIAL ORDER Trial Date:**

| Exhibit No. | Description of Exhibit | Id. | Evd. |
|---|---|---|---|
| 1 | Criminal Complaint Report dated June 22, 2008 | | |
| 2 | Plaintiff's Notice of Claim | | |
| 3 | Plaintiff's Complaint | | |
| 4 | Plaintiff's Answers to Defendant's Interrogatories | | |
| 5 | NJ Automated Complaint System Complaint Summary of the Jersey City Municipal Court, 2/18/10,11:15:03 | | |
| 6 | NJ Automated Complaint System Complaint Hearing list, 2/11/10 | | |
| 7 | NJ Automated Complaint System Charge Disposition Maintenance – 12/8/09, 1:11:45 p.m. | | |

17

| | | | |
|---|---|---|---|
| 8 | NJ Automated Complaint System Complaint Inquiry, 12/8/09, 13:11 | | |
| 9 | NJ Automated Complaint System Complaint Inquiry, 12/8/09, 13:12 | | |
| 10 | NJ Automated Complaint System Involved Person List, 2/18/10, 12:10 | | |
| 11 | Court Notice generated by JUVXMS scheduled for 8/21/08 | | |
| 12 | Court Notice generated by JUVXMS scheduled for 9/16/08 | | |
| 13 | Notice generated by JUVXMS to private attorney new date 8/21/08 | | |
| 14 | Notice generated by JUVXMS to private attorney new date 9/16/08 | | |
| 15 | Jersey City Municipal Court Docket Sheet | | |

9.   SINGLE LIST OF LEGAL ISSUES: (All issues shall be set forth below. The parties need not agree on any issue. Any issue not listed shall be deemed waived.)

PLAINTIFF:

A)   Whether Defendants on June 22, 2008, signed two criminal complaints against Plaintiff, charging Plaintiff with three separate and distinct offenses:

Complaint No. S-2008-001466, alleging violations of N.J.S.A. 2C:33-2a and N.J.S.A. 2C:29-1a;

Complaint No. S-2008-001465, alleging violation of N.J.S.A. 2C:18-3b. Admit that the said complaints and charges were dismissed by the municipal court judge.

B)   Whether the black plastic shopping bag that was inspected by the Port Authority Police Officer was returned to Plaintiff?

C)   Whether the Plaintiff was detained by the Port Authority Police Officer for approximately six hours, before being released without the necessity of posting any bail?

D)   Whether the Plaintiff at the time of arrest was handcuffed in the view of the general public?

E)   Whether the Plaintiff was fingerprinted and pictures were taken of Plaintiff before his release, and that the said pictures are still on file with the Jersey City Police Department?

DEFENDANT:

A)   Whether the individual Defendants are entitled to absolute and/or qualified immunity?

B)   Whether Plaintiff has established a prima facie case of false arrest?

C)   Whether Plaintiff can prove the elements of malicious prosecution?

D)   Whether Plaintiffs civil rights were violated by the Defendants under the United States Constitution and the Constitution of the State of New Jersey?

14

10.    CONCLUSION:

A.    MISCELLANEOUS: (Set forth any matters which require action or should be brought to the attention of the Court.)

B.    TRIAL COUNSEL:   (List the names of trial counsel for all parties.)

1)    ~~George R. Wiggs, for~~ Plaintiff *Prose*    Gehad A. Makboul
                                                    35 Kensington Ave
                                                    Apt E-1
2)    ~~Sharon K. McGahee~~, for Defendants    Jersey City NJ 07304
      *Jason Watson, Esq.*
      *Kayla Denalli, Esq. (pro hac vice)*

C.    JURY TRIALS:

Not later than    To be set by Judge Hayden

1. Each party shall submit to the District Judge and to opposing counsel a trial brief in accordance with Local Civil Rule 7.2(b)(SEE ATTACHED "RIDER ON LENGTH OF *BRIEFS")* with citations to authorities cited and arguments in support of its position on all disputed issues of law. THE BRIEF SHALL ALSO ADDRESS ANY ANTICIPATED *EVIDENCE DISPUTE.* In the event a brief is not submitted, the delinquent party's pleading may be stricken.

2. Any hypothetical questions to be put to an expert witness on direct examination shall be submitted to the District Judge and to opposing counsel.

3. Each party shall submit to the District Judge and to opposing counsel proposed voir dire.

4. Plaintiff shall submit to opposing counsel, in writing, proposed jury instructions. Each instruction shall be on a separate sheet of legal sized paper and shall be numbered in sequence. Each instruction shall include citations to authorities, if any.

Within 7 days of the above, opposing counsel shall, on the face of the instructions submitted by Plaintiff, set forth any objections to the proposed jury instructions and/or proposed counter instructions.

D.    NON-JURY TRIALS:

Not later than    NOT APPLICABLE

1. Each party shall submit to the District Judge and to opposing counsel a trial brief in accordance with Local Civil Rule 7.2(b) (SEE ATTACHED "RIDER ON LENGTH OF BRIEFS") with citations to authorities cited and arguments in support of its position on all disputed issues of law. THE BRIEF SHALL ALSO ADDRESS ANY ANTICIPATED EVIDENCE DISPUTE. In the

15

event a brief is not submitted, the delinquent party's pleading may be stricken.

2. Any hypothetical questions to be put to an expert witness on direct examination shall be submitted <u>to the District Judge and to opposing counsel</u>.

3. Proposed Findings of Fact and Conclusions of Law shall be submitted <u>to the District Judge and to opposing counsel after the close of evidence</u>. These shall include *annotations* to trial transcripts and exhibits.

E.   BIFURCATION: (When appropriate, liability issues shall be severed and tried to verdict. Thereafter, damage issues will be tried to the same jury.) Not Applicable

F.   ESTIMATED LENGTH OF TRIAL:

2 days for liability and 1 day for damages.

G.   TRIAL DATE: To Be Set By Judge Hayden

AMENDMENTS TO THIS PRETRIAL ORDER SHALL NOT BE PERMITTED UNLESS THE COURT DETERMINES THAT MANIFEST INJUSTICE WOULD RESULT IF THE AMENDMENT IS DISALLOWED. THE COURT MAY FROM TIME TO TIME SCHEDULE CONFERENCES AS MAY BE REQUIRED EITHER *ON ITS OWN MOTION OR* AT THE REQUEST OF COUNSEL.

(~~Attorney for~~ Plaintiff]   Gehad Reazk makboul

JASON T. WATSON, ESQ.
(Attorney for Defendant)

So ordered this 1st day of October, 2010

~~KATHARINE S. HAYDEN~~
United States ~~District~~ Judge   Magistrate

16